IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEIDI CABLE,

    Plaintiff,                               No. CIV S-06-0515 DAD

    v.

MICHAEL J. ASTRUE,                  ORDER
Commissioner of Social Security,

    Defendant.

/

        Plaintiff brought this action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. By previous order of the court, plaintiff's motion for summary judgment and/or remand was granted, defendant's cross-motion for summary judgment was denied, the decision of the Commissioner was reversed, and the case was remanded for further proceedings. Counsel for plaintiff has filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b).

        Plaintiff's counsel seeks attorney fees in the amount of $7,304.00. Counsel explains that this amount is 25% of plaintiff's back-due benefits under Titles II and XVI less the $5,300.00 in attorney fees paid to plaintiff's administrative attorney pursuant to 42 U.S.C. § 406(a) for representation in the administrative proceedings. (Mot. for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), at 1.)

1

A copy of counsel's attorney fee motion was sent to plaintiff, who has not filed any objection thereto. The Commissioner has filed a response to the motion, in keeping with the role resembling that of a trustee for plaintiff. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002). In his response, the Commissioner notes that, although plaintiff's counsel indicates that "Attachment B" to his motion is the contingency fee agreement signed by plaintiff and counsel, no fee agreement is attached. The Commissioner takes no position on the reasonableness of counsel's fee request but analyzes it in light of relevant precedent and in comparison with other similar cases. Plaintiff's counsel has filed a reply in which he apologizes for the inadvertent omission of "Attachment B" and provides a copy of the fee agreement for the court's consideration. For the reasons set forth below, the motion by plaintiff's counsel will be granted in full.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, ___ F.3d ___, ___, Nos. 06-55822, 06-55954 & 06-56284, 2009 WL 3617989 at *3 (9th Cir. Nov. 4, 2009) (en banc) (citing Gisbrecht, 535 U.S. at 802). Although a § 406(b) attorney fee award is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989). The goal of fee awards under § 406(b) is to provide

/////

adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  See also Crawford, 2009 WL 3617989 at *4.  "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"  Crawford, 2009 WL 3617989 at *4 (quoting Gisbrecht, 535 U.S. at 793 & 808).  The Supreme Court has identified five of the factors that may be considered in determining whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to reduction by the court:  (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for noncontingent cases.  Crawford, 2009 WL 3617989 at *4 (citing Gisbrecht, 535 U.S. at 808).

Here, the fee agreement between plaintiff and counsel provides that if plaintiff is the prevailing party in the federal court action, counsel "will be entitled to 25% of the total lump-sum back-due benefits awarded to Client and his/her family by either the federal court, or the Social Security Administration (SSA) after further administrative proceedings upon remand by the federal court." (Pl.'s Reply Mem. in Supp. of Mot. for Attorney's Fee Pursuant to § 406(b), Attach. B ¶ 3.)  The agreement provides further that counsel shall seek fees under the EAJA and that any fees awarded by the court under the EAJA will be credited to the claimant upon

counsel's award and receipt of attorney's fees out of plaintiff's lump-sum back-due benefits, if the EAJA fee award is less than the fee awarded pursuant to § 406(b). (Id.)

In his motion for attorney's fees pursuant to § 406(b), counsel requests fees for his representation of plaintiff in court in an amount that, when combined with the fees paid to the attorney who represented plaintiff in the administrative proceedings, is equal to 25% of plaintiff's past-due benefits. (Mot. at 1-2 & Attach. A.) The amount sought by counsel for his work in this court is therefore less than the 25% maximum amount authorized by statute and less than the amount agreed upon in his fee agreement with plaintiff. In support of his request for approval of attorney's fees in the amount of $7,304.00, counsel offers an itemized account of services rendered, documenting that 36 hours were expended on plaintiff's behalf in matters before the court, for an effective hourly fee of $202.88. (See Mot. at 6-7 & Decl. in Supp. of Mot. ¶ 6.) Counsel declares that he has been representing claimants in social security cases for over seventeen years and has represented clients in over ninety cases in the federal district court. (Id. at 6 & Decl. ¶ 1.) Counsel states that the market rate for attorneys with similar experience in social security cases is in the range of $250.00 per hour, which is what counsel charges in non-social security cases. (Id. at 6 & Decl. ¶ 8.)

Although counsel was not provided with notice of the total amount of plaintiff's past-due benefits, he was notified that $5,300.00 had been paid to the attorney who represented plaintiff in the administrative proceedings and that "[a]fter payment of that amount from the claimant's past-due benefits, $7304.00 is still being withheld . . . for a fee for services performed before the U S District Court." (Id. at 4-5, Decl. ¶ 3, & Attach. A.) Defendant has not disputed counsel's inference that the sum of $5,300.00 and $7,304.00, or $12,604.00, constitutes 25% of plaintiff's past-due benefits. Thus, it appears that plaintiff was awarded past-due benefits of $50,416.00, i.e., four times $12,604.00. The $7,304.00 sought by counsel for his services in this court equals approximately 14.5% of plaintiff's past-due benefits.

/////

Counsel notes that he was previously awarded $5,700.00 in attorney fees pursuant to the EAJA by stipulation and order filed December 6, 2007.  Counsel asks the court to award him the $7,304.00 requested pursuant to § 406(b), whereupon he will refund to plaintiff the amount of $5,700.00 previously awarded under EAJA, for a net fee of $7,304.00 under 42 U.S.C. § 406(b).  See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991) ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs."), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

The court considers first the character of counsel's representation of plaintiff and the results achieved by counsel.  The record reflects that counsel advanced four arguments in support of plaintiff's motion for summary judgment.  All arguments were thoroughly briefed, but the court found plaintiff's third argument both persuasive and dispositive.  Counsel demonstrated that the ALJ improperly rejected the diagnosis of fibromyalgia made by plaintiff's treating physician and others and improperly found plaintiff's fibromyalgia to be non-severe at step two of the sequential evaluation process.  Based on the quality of counsel's representation and the successful results achieved, the court finds that the 36 hours expended by counsel are eminently reasonable.

Nothing in the record before the court suggests overreaching on counsel's part in any respect.  Counsel assumed the risk of non-payment inherent in a contingency agreement and did not engage in any conduct that contributed to a delay in the proceedings.  He seeks an amount that is well within the 25% limitation, and the benefits are large in comparison to the amount of time spent on the case.  The attorney's record of the hours worked, his regular hourly billing charge for noncontingent cases, and the effective hourly rate of $202.88 for 36 hours all demonstrate that the fees requested are more than reasonable.  See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding § 406(b) attorney fees of $10,031.56, which represented an hourly rate of $550 per hour for attorney time); Hearn v. Barnhart, 262 F. Supp.

5

2d 1033, 1036-37 (N.D. Cal. 2003) (awarding § 406(b) attorney fees of $25,132.50 for more than 55 hours of court-related work, which represented an hourly rate of $450); Hembree v. Astrue, No. ED CV 06-497-PLA, 2009 WL 510310, at *1 & 3-4 (C.D. Cal. Feb. 27, 2009) (assembling cases and awarding § 406(b) attorney fees of $3,928.75 for 11.5 hours of court-related work, which represented an hourly rate of $341.63).

For all of these reasons, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable and that their award would not represent a windfall to counsel. Accordingly, counsel's motion for attorney fees under 42 U.S.C. § 406(b) will be granted in full.

IT IS ORDERED that:

1. Plaintiff's June 4, 2009 motion (Doc. No. 23) for attorney fees is granted;

2. Counsel for plaintiff is awarded $7,304.00 in attorney fees pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the Commissioner from plaintiff's benefits; and

3. Upon receipt of the $7,304.00 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $5,700.00 previously paid by the government under the EAJA.

DATED: December 1, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/cable0515.attyfees.406b